IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL JAMES PATTERSON, (TDCJ No. 877576), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-1984-L-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Daniel James Patterson, a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 2, 3, & 4. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Through the applicable habeas petition, Patterson challenges his 1999 Dallas County conviction for capital murder, for which he received a sentence of life imprisonment. *See State v. Patterson*, No. F98-49486-H (291st Dist. Ct., Dallas Cnty., Tex.); Dkt. No. 2 at 3. This criminal judgment was affirmed on direct appeal in 2000.

*See Patterson v. State*, No. 08-99-00238-CR, 2000 WL 1681070 (Tex. App. – El Paso Nov. 9, 2000, pet. ref'd); Dkt. No. 2 at 4. And the Texas Court of Criminal Appeals (the "CCA") refused Patterson's petition for discretionary review (or "PDR") on April 26, 2001. *See Patterson v. State*, No. PD-0354-01 (Tex. Crim. App.).

On initial review of the federal habeas application, the Court recognized that the petition is likely time-barred and issued a questionnaire [Dkt. No. 6] to provide Patterson fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire. The Court docketed his timely response on September 12, 2019. *See* Dkt. No. 7.

**Legal Standards**

I.   Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 136 S. Ct. at 756

(emphasis in original).[1] But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that

---

[1] *See, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

the person did not commit the crime." (footnotes omitted; emphasis in original)).

II.   Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the United States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL

3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Patterson did not petition the Supreme Court for certiorari review, the applicable state criminal judgment became final under the AEDPA on July 25, 2001 – 90 days after the CCA refused his PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

The pendency of Patterson's first state habeas petition – which the CCA denied on June 12, 2002 – tolled the limitations clock, but the current action was filed more than 17 years after that tolling ended. And, "even though [his] second state habeas application was dismissed as an abuse of the writ pursuant to § 4 of article 11.07 of the Texas Code of Criminal Procedure, ... it was a properly filed state application within the meaning of section 2244(d)(2)." *Dilworth v. Johnson*, 215 F.3d 497, 500 (5th Cir.

2000) (*Villegas v. Johnson*, 184 F.3d 467, 469-70 (5th Cir. 1999); citations omitted)). But, "[b]ecause [that properly-filed] state habeas petition was not filed within the one-year period" that commenced on June 12, 2002, the second petition "did not [further] statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing, in turn, 28 U.S.C. § 2244(d)(2))); *cf. Johnson v. Davis*, Civ. A. No. H-19-1975, 2019 WL 2647320, at *3 (S.D. Tex. June 27, 2019) ("Neither of Johnson's state habeas applications tolls the federal habeas limitations period under § 2244(d)(2) because both were filed after the limitations period expired." (citation omitted)).

Accordingly, the Section 2254 habeas application – filed no sooner than August 9, 2019, the date on which Patterson certifies he placed it in the prison mailing system, *see* Dkt. No. 2 at 9 – was filed more than 16 years too late. The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

Patterson neither attempts to articulate grounds for equitable tolling nor establish actual innocence. *See* Dkt. No. 2 at 8; Dkt. No. 7. He instead asserts that he is attacking his state conviction under Federal Rule of Civil Procedure 60(b)(4). *See, e.g.,* Dkt. No. 7 at 2 ("Petitioner is not bringing a habeas proceeding to this Court under 28 U.S.C. § 2254, but an entirely [separate] statute of 28 U.S.C. § 2241 and Federal Rules of Civil Procedures Rule 60(b)(4) challenging the state court's jurisdiction for lack of personam and subject matter jurisdiction, which may be challenged at any time.").

Rule 60(b) provides for relief from a civil judgment or order. And "a judgment may be set aside under Rule 60(b)(4) when 'the district court acted in a manner so inconsistent with due process as to render the judgment void.'" *F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 270 (5th Cir. 2013) (quoting *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003)).

"Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction. '[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack.'" *Callon*, 351 F.3d at 210 (quoting *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)); *compare United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." (citations omitted)), *with Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015) ("Other errors in an underlying order will not afford grounds for relief under the narrow ambit of Rule 60(b)(4) as they would if the order itself had been directly appealed." (citing *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998))).

But, to the extent that Patterson "is challenging his criminal judgment of conviction," Rule 60(b)(4) "is inapplicable and cannot provide him any relief on the claims he alleges." *United States v. Garcia*, No. 3:95-cr-264-M (01), 2017 WL 876334, at *1 (N.D. Tex. Feb. 6, 2017) (quoting *Mayes v. Quaterman*, Civ. A. No. H-06-2680, 2007 WL 1465994, at *1 n.1 (S.D. Tex. May 16, 2007)), *rec. accepted*, 2017 WL 880869

(N.D. Tex. Mar. 3, 2017); *see United States v. Beaird*, Crim. No. H-02-633-01, 2007 WL 708576, at *1 (S.D. Tex. Mar. 5, 2007) ("Beaird cannot show that he is entitled to relief from his criminal judgment under any portion of Rule 60(b) because his motion concerns a criminal judgment. The Federal Rules of Civil Procedure govern the procedure in the United States district courts in suits of a civil nature. *See* FED. R. CIV. P. 1, 81; *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999). 'Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case.' *O'Keefe*, 169 F.3d at 289.").[2]

This action should therefore be dismissed with prejudice as time-barred.

**Recommendation and Direction to the Clerk of Court**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in

---

[2] *See also United States v. Masserano*, Crim. A. No. H-92-0225 & Civ. A. No. H-06-2980, 2007 WL 470649, at *3 (S.D. Tex. Feb. 12, 2007) ("[B]ecause Masserano is challenging his criminal judgment of conviction, not his prior § 2255 proceeding, Rule 60(b)(4) is inapplicable and cannot provide him any relief on the claims he alleges herein."); *United States v. Aird*, Crim. No. 98-0057-WS, 2008 WL 2157146, at *2 (S.D. Ala. May 14, 2008) ("With respect to Aird's motion seeking vacatur of the judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure, a wall of precedent unequivocally forbids him from utilizing Rule 60(b) in this manner." (collecting cases, including *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence" in criminal proceedings.))).

support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 16, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE